IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MAX WANG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CASE NO. _____ |
| | § | |
| SAFECO INSURANCE COMPANY | § | |
| OF INDIANA and SEAN F. SMITH, | § | |
| | § | |
| Defendants. | § | |

## SAFECO INSURANCE COMPANY OF INDIANA'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(a) and Local Rule CV-81, Defendant Safeco Insurance Company of Indiana ("Safeco") files this *Notice of Removal* hereby removing this action from the 401st Judicial District Court of Collin County, Texas to the United States District Court for the Eastern District of Texas, Sherman Division. Removal is based on diversity jurisdiction because there is complete diversity between Plaintiff Max Wang ("Plaintiff") and Safeco, and the amount in controversy exceeds $75,000 exclusive of interest and costs. As explained below, Defendant Sean F. Smith ("Smith") was improperly joined. Therefore, when evaluating diversity, this Court should disregard Smith's citizenship. Upon removal, Smith should be dismissed as a matter of law.

### I.
### INTRODUCTION

This dispute arises out of a claim for alleged hail and wind damage to property located at 3421 Melanie Lane, Plano, Texas 75023-1105 (the "Property"). Plaintiff alleges that Safeco breached a policy of insurance and that both Defendants violated

---
**SAFECO INSURANCE COMPANY OF INDIANA'S NOTICE OF REMOVAL** Page 1

certain provisions of the TEXAS INSURANCE CODE by, among other things, failing to pay Plaintiff's claim for damages allegedly resulting from hail and wind.

On January 26, 2017, Plaintiff filed his Original Petition in the 401stt Judicial District Court of Collin County, Texas against Defendants. Safeco was served with a citation and a copy of Plaintiff's Original Petition on February 1, 2017 through its registered agent for service of process. Upon information and belief, Plaintiff has not served Smith as of the filing of this Notice of Removal.

On February 24, 2017, Safeco timely filed an answer to Plaintiff's Original Petition. This Notice of Removal is being filed within thirty (30) days of service of the Petition on Safeco and is thus timely filed under 28 U.S.C. § 1446(b). As explained below, removal is proper because there is complete diversity of citizenship between the properly joined parties, and it is apparent from the face of Plaintiff's Original Petition that the amount in controversy exceeds $75,000.00.

Plaintiff has alleged in his Original Petition that he is a resident of the State of Texas. *See* Plaintiff's Original Petition at ¶ 2. Safeco Insurance Company of Indiana is a corporation organized under the laws of the State of Massachusetts, with its principal place of business in Boston, Massachusetts. Accordingly, there exists complete diversity of citizenship between the Plaintiff and Safeco as the only properly joined defendant.

1. **Standards for Improper Joinder**

The right to remove depends upon the plaintiff's pleading at the time of the petition for removal, *i.e.*, Plaintiff's Original Petition. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38 (1939); *Cavallini v. State Farm Mutual Auto Ins.*, 44 F.3d 256, 264 (5th Cir. 1995); *Dalton v. State Farm Lloyd's, Inc.*, 2013 U.S. Dist. LEXIS 86490 (S.D. Tex. June

19, 2013). As discussed below, Plaintiff's Original Petition fails to state a plausible claim for relief against Smith.

A defendant may remove a state court civil action only "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). However, the doctrine of improper joinder prevents defeat of federal removal jurisdiction premised on diversity by the presence of an improperly joined, non-diverse defendant. *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). Citizenship of an improperly joined party is totally disregarded in determining the court's subject matter jurisdiction. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2003).

Improper joinder may be established by showing (1) actual fraud in the pleading of jurisdictional facts or (2) an inability to establish a cause of action against the non-diverse defendant in state court. *Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278, 281 (5th Cir. 2007); *Smallwood*, 385 F.3d at 573.

2. **Smith was Improperly Joined**

Here, Safeco seeks removal under the latter part of the improper joinder test because Plaintiff's pleading provides no reasonable basis for this Court to predict that Texas law would allow recovery against Smith. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003); *Smallwood*, 385 F.3d at 576. A "reasonable basis" means more than a mere a hypothetical basis. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999) ("whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery").

To determine whether a plaintiff has a reasonable basis for recovery under state law, the court should conduct a Rule 12(b)(6)-type analysis. *Smallwood*, 385 F.3d at 573; *Anderson v. Georgia Gulf Lake Charles*, 342 Fed. Appx. 911, 915 (5th Cir. 2009). The Court should look at the pleadings to determine whether the allegations state a claim under state law against the in-state defendant. *Smallwood*, 385 F.3d at 573.

Although an individual adjuster (such as Smith) could theoretically be found liable in his individual capacity, Plaintiffs still must plead sufficient facts. Plaintiff's Original Petition, however, fails to do so, as it simply regurgitates the underlying statutory language and fails to allege anything other than generic facts regarding "missed damage."

As an initial inquiry, a court must ask whether it appears from the petition that the plaintiff actually intended to sue the non-diverse defendant, *i.e.*, whether "the record . . . support[s] any inference that the [Plaintiff] intended to actively pursue claims" against Smith. *Griggs*, 181 F.3d at 699; *Dalton v. State Farm Lloyd's, Inc.*, 2013 U.S. Dist. LEXIS 86490, 21-22 (S.D. Tex. June 19, 2013). Courts in the Fifth Circuit have considered the following factors in making this evaluation: (1) whether the defendant is merely minimally mentioned, (2) whether he was ever served, and (3) whether any actionable claims are specifically alleged against him. *See e.g.*, *Griggs*, 181 F.3d at 699.

Initially, Smith has never been served with Plaintiffs' Petition. And further, although Plaintiff's Original Petition identifies Smith by name, Plaintiff fails to plead a single cause of action against Smith. Indeed, Plaintiff pleads four causes of action: (1) alleged breach of contract by *Safeco*[1]; (2) alleged violations Section 541 of the Texas

---
[1] Plaintiffs' Original Petition, ¶ 20–23.

Insurance by *Safeco*[2]; (3) breach of the common-law duty of good faith and fair dealing[3]; and (4) violations of Section 542 of the Texas Insurance Code ("Prompt Payment of Claims Act").[4]  Notably, Plaintiff pleads these causes action against *Safeco alone*, and fails to plead them against Smith.  Furthermore, as a matter of law, it is impossible for Plaintiff to plead a cause of action for a breach of the applicable insurance policy, common-law bad faith, or statutory bad faith against Smith.  *See, e.g.*, *Green v. Nationwide Mut. Ins. Co.*, A-12-CV-600 LY, 2012 WL 5188031, at *4 (W.D. Tex. Oct. 17, 2012), report and recommendation adopted, A-12-CV-600-LY, 2012 WL 12850260 (W.D. Tex. Nov. 14, 2012).

Further, the minimal actual allegations pleaded against Smith provide no substantive facts, and, therefore, fail to establish a plausible claim against him.  More specifically, the allegations against Smith in the "Facts" section of Plaintiff's Original Petition merely state that he "did not inspect Plaintiff's roof thoroughly and missed damage to several metal roof accessories, gutters, and downspouts." *See* Plaintiff's Original Petition, ¶ 17.  There are no other allegations against Smith individually.

As the Southern District of Texas has explained, Safeco can accomplish these actions through an agent.  Therefore, Smith's actions are indistinguishable from Safeco's actions.  *Dalton*, 2013 U.S. Dist. LEXIS 86490, at 21-22. *See also*, *Atascocita Realty, Inc. v. W. Heritage Ins. Co.*, 2012 U.S. Dist. LEXIS 130526 (S.D. Tex. Sept. 13, 2012) (holding that when an adjuster's actions can be accomplished by the insurer through an agent and when the claims against the adjuster are identical to those against the insurer, the adjuster's actions "are indistinguishable from [the insurer's] actions" and hence are

---

[2] *Id.* at ¶ 24–29.
[3] *Id.* at ¶30–35.
[4] *Id.* at ¶ 36–39.

insufficient to support a claim against the adjuster); *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, H-10-1846, 2011 WL 240335, at *14 (S.D. Tex. Jan. 20, 2011) (plaintiff's "conclusory" allegations against individual adjuster for insufficient investigation and undervaluing claim amounted to improper joinder); *Weldon Contractors Ltd. v. Fireman's Fund* Ins. Co., No. 4:09–CV–165–A, 2009 WL 1437837, *3–4 (N.D. Tex. May 22, 2009) (finding improper joinder where allegations listing Insurance Code provisions and alleging that both defendants violated them were merely "legal conclusions couched as factual allegations" and stating that the plaintiff failed to allege facts showing that the adjuster performed any act that could be a violation of these provisions). As the Eastern District has explained, "generic" factual allegations against a defendant adjuster simply do not state a claim against an adjuster. *Slabaugh v. Allstate Ins. Co.*, no. 4:15-cv-115, 2015 WL 4046250, at *3 (E.D. Tex. June 30, 2015); *Calvary United Pentecostal Church v. Church Mut. Ins. Co.*, 4:15-CV-365, 2015 WL 5354827, at *3 (E.D. Tex. Sept. 14, 2015) ("[T]he plaintiff must demonstrate that the adjuster, as an individual, committed the Texas Insurance Code violation . . . that caused the harm" by alleging "specific, actionable conduct."); *Elizondo v. Metro. Lloyds Ins. Co. of Texas*, 4:16-CV-306, 2016 WL 4182729, at *3 (E.D. Tex. Aug. 8, 2016) (requiring Plaintiff to plead more than merely that an individual "failed to thoroughly investigate, conducted an outcome-oriented investigation, made misrepresentations and omissions and unfairly investigated the claim").

    **3.**    **This Court Should Disregard Smith's Citizenship When Evaluating Diversity**

It is well-settled that the presence of an improperly joined, non-diverse defendant does not defeat federal jurisdiction premised on diversity. *Borden v. Allstate Ins. Co.*,

589 F.3d 168, 171 (5th Cir. 2009). Because there is no reasonable basis for this Court to predict that Plaintiff might be able to recover against Smith, Smith's presence should be disregarded in determining diversity jurisdiction, and he should be dismissed from this lawsuit upon removal. *Id*. Upon Plaintiff's own admission, he is a Texas citizen. Safeco is a citizen of Massachusetts, and because Smith has been improperly joined, complete diversity of citizenship exists between the properly joined parties.

**B.      AMOUNT IN CONTROVERSY**

Generally, the amount in controversy for purposes of establishing federal jurisdiction should be determined by the plaintiff's complaint. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995). Here, it is apparent from the face of Plaintiff's Original Petition that his claims exceed $75,000.00. Plaintiff specifically pleads that he "seeks monetary relief over $200,000 but not more than $1,000,000.00." Plaintiffs' Original Petition at ¶ 6.

## II.
## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

As required by Local Rule CV-81, filed concurrently with this Notice of Removal, is a completed civil cover sheet. Additionally, the following exhibits are attached:

- **EXHIBIT A:** Supplemental Civil Case Cover Sheet – listing all parties in this case and the current status of the state court proceeding; listing of attorneys in this case, including each such attorney's bar number, addresss, telephone number and party represented; and the name and address of the state court from which this case is being removed;

- **EXHIBIT B**: A certified copy of the Register of Actions in the state court action; and

- **EXHIBITS C-1 – C-2**: A copy of each document filed in the state court action.

## III.
## REQUEST FOR RELIEF

Based on the foregoing, Defendant Safeco Insurance Company of Indiana respectfully requests that the above-captioned action now pending in the District Court, 401st Judicial District, Collin County, Texas be removed to the United States District Court for the Eastern District of Texas, Sherman Division. Safeco further requests all such other and further relief to which it may be justly entitled.

Respectfully submitted,

*/s/ Colin Batchelor*
MARK D. TILLMAN
State Bar No. 00794742
COLIN BATCHELOR
State Bar No. 24043545
JACKSON P. MABRY
State Bar No. 24078894

**TILLMAN BATCHELOR LLP**
1320 Greenway Drive, Suite 830
Irving, Texas 75038
Telephone: (214) 492-5720
Facsimile: (214) 492-5721
E-mail: mark.tillman@tb-llp.com
E-mail: colin.batchelor@tb-llp.com
E-mail: jackson.mabry@tb-llp.com
**ATTORNEYS FOR DEFENDANT
SAFECO INSURANCE COMPANY OF
INDIANA**

## **CERTIFICATE OF SERVICE**

  In accordance with the Federal Rules of Civil Procedure, on March 3, 2017, a true and correct copy of the above and foregoing instrument was served ***via facsimile or electronic service*** upon:

Clifford N. Nkeyasen
Clifford N. Nkeyasen, PLLC
P.O. Box 132111
Dallas, Texas 75313
Telephone: (214)265-6535
Facsimile: (214) 292-9494
nkeyasen@outlook.com

            /s/ Colin Batchelor
            COLIN BATCHELOR