

# Notice of Service of Process

null / ALL
Transmittal Number: 16186630
Date Processed: 02/01/2017

| | |
|---|---|
| **Primary Contact:** | Arlene Smith<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02116 |
| **Entity:** | Safeco Insurance Company Of Indiana<br>Entity ID Number  2780991 |
| **Entity Served:** | Safeco Insurance Company of Indiana |
| **Title of Action:** | Max Wang vs. Safeco Insurance Company of Indiana |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Collin County District Court, Texas |
| **Case/Reference No:** | 401-00391-2017 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 02/01/2017 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Clifford K. Nkeyasen<br>214-265-6535 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscglobal.com

**EXHIBIT C-1**



COLLIN COUNTY DISTRICT CLERK
PO BOX 578
MCKINNEY, TX 75070-8139



9214 8901 0661 5400 0101 8798 84

**RETURN RECEIPT (ELECTRONIC)**

401-00391-2017

SAFECO INSURANCE COMPANY OF INDIANA
REG.AGENT, CORPORATION SERVICE COMPANY
211 E.7TH STREET #620
**AUSTIN, TX 78701**

CUT / FOLD HERE

6"X9" ENVELOPE
CUT / FOLD HERE

CUT / FOLD HERE

IMpbCertified8x5Label v2016.09.29.91

CITATION BY MAILING
THE STATE OF TEXAS
401-00391-2017

Max Wang vs. Safeco Insurance Company of Indiana and
Sean F Smith

401st District Court

Of Collin County, Texas

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: Safeco Insurance Company of Indiana
Reg'd Agent Corporation Service Company
211 East 7th Street Suite 620
Austin TX 78701, Defendant

You are commanded to appear by filing a written answer to **Plaintiff's Original Petition and Request For Disclosures** at or before ten o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of this citation before the 401st District Court of Collin County, Texas at the Courthouse of said County in McKinney, Texas.
Said Plaintiff's Petition was filed in said court, by Clifford K Nkeyasen POBox 132111 Dallas TX 75313 (Attorney for Plaintiff or Plaintiffs), on the 26th day of January, 2017.

Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 26th day of January, 2017.

ATTEST: Lynne Finley, District Clerk
Collin County, Texas
Collin County Courthouse
2100 Bloomdale Road
McKinney, Texas 75071
972-548-4320, Metro 972-424-1460, ext. 4320

Signed: 1/26/2017 4:09:34 PM

By: _Pam English_, Deputy
Pam English

The law prohibits the Judge and the clerks from giving legal advice, so please do not seek legal advice. Any questions you have should be directed to an attorney.

Filed: 1/26/2017 8:15:09 AM
Lynne Finley
District Clerk
Collin County, Texas
By Pam English Deputy
Envelope ID: 14949923

CAUSE NO. 401-00391-2017

| | | |
|---|---|---|
| MAX WANG | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | \_\_\_\_\_TH JUDICIAL DISTRICT |
| | § | |
| SAFECO INSURANCE COMPANY OF | § | |
| INDIANA and SEAN F. SMITH | § | |
| Defendants. | § | COLLIN COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MAX WANG, Plaintiff, and files this, his Original Petition and Request for Disclosures against Defendants, **SAFECO INSURANCE COMPANY OF INDIANA** ("SafeCo") and **SEAN F. SMITH** ("Smith"), and for cause of action would respectfully show as follows:

### DISCOVERY CONTROL PLAN LEVEL

1. Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Plaintiff designates this case to proceed under Discovery Level 3.

### PARTIES AND SERVICE

2. Plaintiff, **MAX WANG**, is an individual residing in Collin County, Texas.

3. Defendant **SAFECO INSURANCE COMPANY OF INDIANA**, is an insurance company engaging in the business of insurance in the State of Texas and may be served with process by certified mail by serving its Registered Agent, Corporation Service Company, at the following address: 211 E. 7th St., Suite 620, Austin, TX 78701-3218.

4. Defendant **SEAN F. SMITH**, is an insurance adjuster engaging in the business of insurance in the State of Texas and may be served with process by certified mail at the following address: 1600 N. Collins Blvd., Suite 3000, Richardson, TX 75080.

## JURISDICTION AND VENUE

5. This court has jurisdiction over this case because the amount in controversy is within the jurisdictional limits of the Court.

6. Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000.

7. This court has jurisdiction over Defendant SafeCo because it is an insurance company domiciled in the State of Texas.

8. This court has jurisdiction over Defendant Smith because he is an individual domiciled in the State of Texas.

9. Venue in Collin County, Texas is proper in this case because the insured property is situated in Collin County, Texas.

## FACTS

10. This case involves the wrongful denial of covered homeowner's insurance benefits and a breach of SafeCo's duty of good-faith and fair dealing and numerous violations of the Texas Insurance Code.

11. Plaintiff is the named insured in SafeCo insurance policy No. OY06815000, hereinafter referred to as "the Policy."

12. In March and April of last year severe hailstorms tore through the City of Plano leaving several homes with broken windows and tarps over their roofs in its wake. Plaintiff's home was in the path of the storm.

13. Thereafter, Plaintiff submitted a claim to SafeCo for windstorm and hail damage, which are specifically covered perils in the Policy. SafeCo assigned an adjuster to investigate and pay Plaintiff's claim.

14. Unfortunately, SafeCo and its agents adjusted and closed the claim absent conducting a reasonable investigation into all the damages to the property which constitutes an unfair settlement practice with respect to an insurance claim.

15. A first-party property claims adjuster is really the only advocate that the homeowner has after a loss. The property claims adjuster is employed by the insurance company to investigate and pay claims. This arrangement creates and inherent conflict of interest because the property claims adjuster owes fidelity to the homeowner to objectively investigate and pay claims, but this same adjuster is paid by an insurance company that seeks to maximize profits by minimizing losses. The adjuster is paid by the insurance company, but it's still his duty to ensure that he objectively analyzes all of the damage that could have occurred during the storm. If not him then who, right?

16. It's critically important for the claims adjuster to read the insurance policy, know the coverages, be a great investigator and communicator, take his time, pay attention to detail, and know how to estimate the costs of any repairs. Those are critical elements in any first-party property claims adjustment.

17. Here, the adjusters assigned to Plaintiff's claim were placed in a position to help Plaintiff in a time of distress after a devastating storm and it was critically important that they take enough time to properly do their jobs and analyze all the damage to Plaintiff's property. Instead, the adjusters handled the claim in a manner calculated to construct a pretextual basis for denial or underpayment of Plaintiff's claim. For example, adjuster Sean Smith did not inspect Plaintiff's roof thoroughly and missed damage to several metal roof accessories, gutters, and downspouts. Even after Plaintiff pointed out the oversight SafeCo denied the claim without conducting a reasonable investigation. This is textbook bad-faith claims handling and Plaintiff's claim was underpaid in excess of $2,000 for these items alone.

18. What's more Plaintiffs roof was replaced for $29,639.70, yet Plaintiff has been paid far less than that amount. SafeCo failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the roof claim when SafeCo's liability has become reasonably clear.

19. Together, SafeCo and its agents set about to deny or underpay a properly covered loss to Plaintiff's detriment.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

20. Plaintiff incorporates herein by reference paragraphs 1 through 19.

21. Pursuant to Plaintiff's homeowner's policy, SafeCo agreed to repair or replace Plaintiff's property in the event it was damaged by hailstorm or windstorm.

22. Plaintiff submitted a valid claim for hailstorm and windstorm damage within the policy period and SafeCo breached the contract by denying the claim absent a reasonable investigation and failing to indemnify Plaintiff for the reasonable cost to repair or replace the damaged property.

23. As a result of SafeCo's breach of the insurance contract, Plaintiff has incurred damages within the jurisdictional limits of this Court and will continue to incur damages until reasonably compensated for the damaged items.

## SECOND CAUSE OF ACTION
## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

24. Plaintiff incorporates herein by reference paragraphs 1 through 23.

25. SafeCo and its agents misrepresented to Plaintiff that the Policy does not cover general contractor's overhead and profit after SafeCo knew that Plaintiff retained a general

contractor to complete all the repairs. This was a misrepresentation of a material fact or policy provision relating to coverage in violation of the Texas Insurance Code.[1]

26. SafeCo advertised to Plaintiff certain items would be covered in the event of a claim then denied the claim without a valid explanation.

27. Further, SafeCo failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim with respect to which SafeCo's liability has become reasonably clear by undervaluing the cost to repair the undisputed damaged property.[2] Ultimately, SafeCo did not settle the claim for adequate funds to complete all the necessary repairs.

28. Further, Defendant SafeCo failed to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for SafeCo's denial of the claim.[3]

Finally, SafeCo refused to pay Plaintiff's claim without conducting a reasonable investigation with respect to the entire claim.[4]

29. As a result of aforementioned conduct, Plaintiff has incurred damages within the jurisdictional limits of this Court.

### THIRD CAUSE OF ACTION
### BREACH OF COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING

30. Plaintiff incorporates herein by reference paragraphs 1 through 29.

31. Under Texas law accompanying every contract is a common law duty to perform with care, skill, reasonable expedience and faithfulness the thing agreed to be done, and a negligent failure to observe any of these conditions is a *tort* as well as a breach of contract. This duty

---

[1] TEX. INS. CODE §541.060(a)(1)
[2] TEX. INS. CODE §541.060(a)(2)(A)
[3] TEX. INS. CODE §541.060(a)(3)
[4] TEX. INS. CODE §541.060(a)(7)

Plaintiff's Original Petition - Page 5 of 8

of good faith and fair dealing arises out of the special trust relationship between the insured and the insurer. The duty of good faith and fair dealing is thus imposed on the insurer because of the disparity of bargaining power and the exclusive control that the insurer exercises over the processing of claims.

32. A breach of the duty of good faith and fair dealing is established when: (1) there is an absence of a reasonable basis for denying or delaying payment of benefits under the policy and (2) the carrier knew or should have known that there was not a reasonable basis for denying the claim or delaying payment of the claim.

33. The first element of this test requires an objective determination of whether a reasonable insurer under similar circumstances would have delayed or denied the claimant's benefits. The second element balances the right of an insurer to reject an invalid claim and the duty of the carrier to investigate and pay compensable claims. This element will be met by establishing that the carrier actually knew there was no reasonable basis to deny the claim or delay payment, or by establishing that the carrier, based on its duty to investigate, should have known that there was no reasonable basis for denial or delay.

34. Here, there was no reasonable basis for denying full payment for replacement of the entire roof plus overhead and profit. Plaintiff's roof was replaced for $29,639.70 which is not an unreasonable price in Collin County, Texas, yet Plaintiff has been paid far less than that amount. Absent evidence that this amount is unreasonable, SafeCo breached its duty of good faith and fair dealing. A reasonable insurer under similar circumstances would not have delayed or denied Plaintiff's claim.

35. Based on the foregoing facts, SafeCo actually knew or should have known there was no reasonable basis to deny Plaintiff's claim or delay payment.

## FOURTH CAUSE OF ACTION
## BREACH OF THE PROMPT PAYMENT OF CLAIMS STATUTE

36. Plaintiff incorporates herein by reference paragraphs 1 through 35.

37. SafeCo failed to notify Plaintiff in writing of the acceptance or rejection of his claim, including the reasons for the rejection.[5]

38. For example, SafeCo did not provide a written explanation of the basis in the policy, in relation to the facts or applicable law, for SafeCo's denial of Plaintiff's claim for the roof repairs and failed within a reasonable time to affirm or deny coverage of Plaintiff's claim in violation of the Texas Insurance Code.

39. Plaintiff is entitled to the amount to restore his home to the *status quo ante* as well as 18% interest per annum on the amount unreasonably withheld, together with attorney's fees.[6]

## ATTORNEY'S FEES

40. Plaintiff seeks recovery of his reasonable and necessary attorney's fees and costs against Defendants in accordance with §38.001 *et seq.* of the Texas Civil Practice and Remedies Code, and §541 *et seq.* and §542 *et seq.* of the Texas Insurance Code.

## REQUESTS FOR DISCLOSURE

41. Under Texas Rule of Civil Procedure 194, Defendants are requested to disclose, within 50 days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

## CONDITIONS PRECEDENT

42. All conditions precedent to Plaintiff's right of recovery of all causes of action pleaded herein have been performed, have occurred, or been excused.

---

[5] TEX. INS. CODE §542.056
[6] TEX. INS. CODE §542.060.
Plaintiff's Original Petition - Page 7 of 8

## **PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon trial by jury hereof, said Plaintiff recover judgment for actual damages against Defendants, including penalty interest thereon; that upon a finding that Defendant or its agents acted knowingly Plaintiff be entitled to recover from Defendant and its agents additional damages in an amount of up to three times their actual damages; that Plaintiff be granted his reasonable and necessary attorney's fees and expenses incurred in obtaining judgment against Defendant; and that Plaintiff be granted all further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**CLIFFORD K. NKEYASEN, PLLC**
ATTORNEYS & COUNSELORS
P.O. Box 132111
Dallas, TX 75313

Dallas: (214) 265-6535
Houston: (713) 352-0631
Fax: (214) 292-9494
NKEYASEN@OUTLOOK.COM

By: _/s/ Clifford K. Nkeyasen_
CLIFFORD K. NKEYASEN
Texas Bar No: 24044876

**ATTORNEYS FOR PLAINTIFF**

CERTIFIED MAIL

FIRST-CLASS MAIL

neopost
01/27/2017
US POSTAGE $005.47⁰

ZIP 75071
041M12250679

7870103218 C015