IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MAX WANG, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | CIVIL ACTION NO. 4:17-CV- | |
| § | 000158 | |
| SAFECO INSURANCE COMPANY § | | |
| OF INDIANA and SEAN F. SMITH, § | | |
| § | | |
| Defendants. § | **JURY DEMANDED** | |

**DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE COURT:

Defendant Safeco Insurance Company of Indiana ("Safeco"), pursuant to FED. R. CIV. P. 12(f), hereby files its Motion to Strike Portions of the First Amended Complaint [Doc. No. 7, hereinafter "Complaint"] filed by Plaintiff Max Wang ("Plaintiff"). Plaintiff's Complaint contains several paragraphs that are not only immaterial and impretinent to Plaintiff's cause, but are also prejudicial to Safeco. Accordingly, this Court should stirke these paragraphs.

**I.**

**INTRODUCTION**

In his First Amended Complaint, Plaintiff has included immaterial, impertinent, and prejudicial statements in a thinly veiled attempt to deflect the Court's attention from the key facts of this case: Plaintiff has already received more than $21,000 in payments from Safeco for damages to the insured Property, and, because Plaintiff disagrees with the amount of payments made to date, Safeco demanded appraisal to allow impartial, third-

party appraisers to determine the amount of loss under the applicable policy of insurance (the "Policy"). Plaintiff's blustery rhetoric regarding non-existent legal duties and vague, quasi-factual allegations is immaterial to his allegations and works prejudice against Safeco.

## II.

## LEGAL STANDARD

Under Rule 8, civil claims in federal court must set forth a short and plain statement of the claims and the pleaders' entitlement to relief. The purpose of notice pleadings in federal court is to limit averments to simple, concise, direct statements so as to avoid verbose allegations while providing defendants with fair notice of what plaintiff's claim are and the grounds upon which they rest. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2009),

The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. FED. R. CIV. P. 12(f). A party may prevail on a motion to strike by shoing that "the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *United States v. Cushman & Wakefield, Inc.*, 275 F. Supp. 2d 763, 767–68 (N.D. Tex. 2002). While questions of fact relating a plaintiff's allegations are generally inappropriate for resolution by a Motion to Strike, erroneous legal conclusions *may* be struck if the moving party "demonstrates prejudicial harm." *Chicca v. St. Luke's Episcopal Health Sys.*, CIV.A. H-10-2990, 2012 WL 651776, at *1 (S.D. Tex. Feb. 27, 2012). A motion to strike is within the discretion of the court. *Id.*

### III.

### MOTION TO STRIKE

Plaintiff pleads the following causes of action: (1) breach of contract; (2) violations of Chapter 541 of the Texas Insurance Code; (3) breach of the common-law duty of good faith and fair dealing; and (4) breach of the Prompt Payment of Claims Statute, Chapter 542 of the Texas Insurance Code. [Dkt. 7, at ¶ 22–49]. As indicated below, however, Plaintiff peppers his Complaint with several "observations" that are wholly irrelevant to any of these causes of action: they are neither legal standards that underlie Plaintiff's causes of action, but nor are they even facts regarding Plaintiff's claim. Furthermore, these statements imply non-existent legal duties.

**A.     This Court Should Strike ¶ 12 From Plaintiff's First Amended Complaint.**

This paragraph has no relation to the facts of the case and blatantly misrepresents the legal duties owed by an insurer to an insured. In this paragraph, makes the following allegations:

- that a "first-party property claims adjuster is really the only advocate that the homeowner has after a loss";
- that said adjuster's employemnt "creates and [sic] inherent conflict of interest"; and
- that an insurer "seeks to maximize profits by minimizing losses."

[Dkt. 7, at ¶ 12]. None of these "allegations" are truly factual allegations as such—they are mere generalizations about what Plaintiff's counsel apparently *supposes* that "the insurance company" and "a first-party property claims adjuster" are supposed to do. These, however, are not legal duties. But neither are they factual allegations: Plaintiff does not allege that *Safeco*—the Defendant *here*—has any such "conflict of interest"; he alleges

only generally that "insurance companies" do. But neither does Plaintiff allege that such "conflict of interest" (which Safeco denies exists) animated the decision as to Plaintiff's subject insurance claim. Given the generalized, non-specific nature of this allegation, it is, by definition "impertinent" and "immaterial" to Plaintiff's claims.

This same rationale applies to Plaintiff's statement that "insurance companies" seek to "minimize losses." Plaintiff again makes the blanket allegation that "insurance companies" (again, a vague, blanket assertion about an entire industry with no specific, factual link to *this* case) apparently always downplay an insured's loss. Not only are these allegations non-specific to Safeco, Plaintiff again does not allege that this alleged *modus operandi* of "insurance companies" actually played a part in the adjustment of Plaintiff's subject insurance claim. But worse, the statement on its face is highly prejudicial to Safeco, as it asserts that Safeco (apparently as an "insurance company") maintains business practices in an effort to minimize the policy benefits of its own insureds.

Plaintiff also makes the blanket allegation that insurance adjusters, by definition, simply have a "conflict of interest" due to the mere fact that they are employed by an insurer. Such an allegation is highly prejudicial to Safeco (as well as to any individual defendant), as it assumes that mere employment by an insurance company prevents any objective evaluation of an insured's loss. Of course, were this the case, there would simply be no way for an insurance company ever to prevail in a bad-faith action, as almost *every* claim involves an insurance adjuster employed by an insurer (and Plaintiff's alleged "conflict of interest" would always be present).

**B.     This Court Should Strike ¶ 13 From Plaintiff's First Amended Complaint.**

This paragraph, likewise, contains the statement that "it's critically important for the claims adjuster to . . . be a great investigator and communicator." [Dkt. 7, at ¶ 13]. This has no bearing on Plaintiff's claims: this is not an allegation that Ssafeco and/or its claims adjusters were *not* great communicators during the handling of Plaintiff's claim, nor is this even an allegation of any specific facts relating to Plaintiff's claim. There is no provision in Chapter 541 (or any case law) requiring an insurance adjuster to "be a great communicator."

Should these not be struck, Plaintiff will have implied to the jury that Safeco and its adjusters have a duty to be "great communicators." Such, however, is not the legal standard employed by case law or the Texas Insurance Code. Instead, all that is required is to provide an insured a "reasonable explanation of the basis in the policy" on a claims decision. TEX. INS. CODE § 541.060(a)(3).

**C.     This Court Should Strike ¶ 15 From Plaintiff's First Amended Complaint.**

This paragraph states that "insurance companies can't deduct general contractor overhead and profit." [Dkt. 7, at ¶ 15]. Again, this statement is prejudicial to Safeco because it misstates the legal duty owed to an insurer and benefits due to Plaintiff under his Policy. On its face, this statement (mistakenly) implies that "general contractor overhead and profit" is *always owed on an insurance claim*. This, however, is not the case. The Policy requires only that Safeco pay "reasonable and necessary" costs of repair, which is a question of fact. Plaintiff, however, attempts to masquerade this factual question as a matter of law. The resulting prejudice to Safeco from Plaintiff's attempted sleight of hand is obvious.

**D.     This Court Should Strike ¶¶ 27-29 From Plaintiff's First Amended Complaint.**

These paragraphs contain the following non-factual "observations" that have no place in a proper complaint:

- "Indemnity is the foundation of an insurance policy"; [Dkt. 7, at ¶ 27]

- that the above principle "requires that the insrued receive a payment equal to that of the covered loss"; [Dkt. 7, at ¶ 27]

- that "calculation of actual cash value" will result in "under-payemnt" and that "the objectives of indemnity will be met if actual cash value is calculated as replacement cost with proper deduction for depreciation"; [Dkt. 7, at ¶ 28] and

- "There is no situation in which the deduction of from replacement cost of general contractors' overhead and profit . . . will be the correct measure of actual cash value." [Dkt. 7, at ¶29]

These do not appear to be anything other than the musings of Plaintiff's counsel on the generalities of insurance policies. These are not allegations that relate to *this* case: they do not mention Plaintiff, Safeco, Plaintiff's claim, any actions taken by Safeco on Plaintiff's claim, or any specific Policy provisions. Nor can any of these statements be characterized as legal duties owed to Plaintiff by Safeco. And to the extent that Plaintiff might perhaps try to portray them as such, they are simply incorrect. For example, were the last statement above (i.e., "there is no situation . . .") actually true (which it is not), then every property insurer would have a legal duty to include "contractors' overhead and profit" on every insurance claim ever made by an insured. This is obviously not the law, and the implication that it is results in clear prejudice to Safeco.

E. **This Court Should Strike ¶ 42 From Plaintiff's First Amended Complaint.**

This paragraph alleges that insurance policies have a "common law duty to perform with care, skill, reasonable expedience and faithfulness," and that a "negligent failure to observe any of these conditions is a *tort* as well as a breach of contract." [Dkt. 7, at ¶ 42]. This, however, is nonsense and a prejudicial misstatement of longstanding case law, as it

ignores two bedrock principles of first-party insurance law. First, "courts have expressly refused to recognize a cause of action for negligent claims handling under Texas law;" *Coachmen Indus., Inc. v. Willis of Illinois, Inc.*, 565 F. Supp. 2d 755, 773 (S.D. Tex. 2008). And, second, bad faith does not merely consist of "failing to do what an ordinarily prudent insurer would do," and that a claim for bad faith is only reached when "a breach of contract is accompanied by an independent tort." *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 64 (Tex. 1997) (quoting *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 18 (Tex.1994)). This paragraph contains no factual allegations, and nothing in this paragraph is an accurate statement of Texas law on either Plaintiff's claims for bad faith or breach of contract. Accordingly, the paragraph is prejudicial, immaterial, and impertinent.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Safeco requests that the Court strike paragraphs 12, 13, 15, 27, 28, 29, and 42 of Plaintiff's First Amended Complaint as indicated, and for such other and further relief to which Safeco may be justly entitled.

Respectfully submitted,

 */s/ Jackson P. Mabry*
MARK D. TILLMAN
State Bar No. 00794742
COLIN BATCHELOR
State Bar No. 24043545
JACKSON P. MABRY
State Bar No. 24078894
**TILLMAN BATCHELOR LLP**
1320 Greenway Drive, Suite 830
Irving, Texas 75038
Telephone: (214) 492-5720
Facsimile: (214) 492-5721
Mark.tillman@tb-llp.com
collin.batchelor@tb-llp.com
**ATTORNEYS FOR DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA**

## CERTIFICATE OF SERVICE

In accordance with the FEDERAL RULES OF CIVIL PROCEDURE, a true and correct copy of the above and foregoing instrument was served on April 12, 2017, via facsimile or electronic service upon:

Clifford K. Nkeyasen
CLIFFORD K. NKEYASEN, PLLC
P.O. Box 13211
Dallas, Texas 75313
Telephone: 214.265.6535
Facsimile: 214.292.9494
nkeyasen@outlook.com

 */s/ Jackson P. Mabry*
JACKSON P. MABRY