IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MAX WANG<br>Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§<br>§ | CIVIL ACTION NO. 4:17-cv-00158-ALM<br>JURY DEMANDED |
| SAFECO INSURANCE COMPANY<br>OF INDIANA and SEAN F. SMITH<br>Defendants | §<br>§<br>§<br>§ | |

**PLAINTIFF'S MOTION TO REMAND/BRIEF IN OPPOSITION
TO THIS COURT'S SUBJECT-MATTER JURISDICTION**

Plaintiff, MAX WANG, files this, his Motion to Remand/Brief in Opposition to this Court's jurisdiction over this cause pursuant to 28 U.S.C. § 1447 and for cause of action would respectfully show as follows:

INTRODUCTION

1. This civil action involves the unfair denial of covered homeowner's insurance benefits and a breach of Defendant SafeCo Insurance Company of Indiana's duty of good-faith and fair dealing and numerous violations of the Texas Insurance Code. [Dkt. #7 at ¶ 7.]

2. On or about April 11, 2016, numerous severe storms tore through the City of Plano leaving several homes with broken windows and tarps over their roofs in its wake. [Dkt. #7 at ¶ 9.] Plaintiff's home was in the path of the storm. [*Id.*]

3. Thereafter, Plaintiff submitted an insurance claim to SafeCo Insurance for windstorm and hail damage, which are specifically covered perils in the Policy. [Dkt. #7 at ¶ 10.] SafeCo Insurance assigned an adjuster to investigate and pay Plaintiff's claim. [*Id.*]

4. Unfortunately, SafeCo and its agents closed the claim absent conducting a reasonable investigation into all the damages to the property which constitutes an unfair settlement

   practice with respect to an insurance claim. [Dkt. #7 at ¶ 11.] For example, Defendant Sean F. Smith, a licensed Texas adjuster, denied Plaintiff's claim for general contractors' overhead and profit even though he knew that Plaintiff hired a general contractor to initiate the repairs. [Dkt. #7 at ¶ 14.]

5. In Texas a property claims adjuster can't deduct, or withhold, general contractor's overhead and profit and sales tax from an actual cash value payment. *Ghoman v. New Hampshire Ins. Co.*, 159 F.Supp.2d 928, 934 (N.D. Tex. 2001). *See also* Texas Dep't of Insurance, Commissioner's Bulletin No. B-0045-98 (June 12, 1998) ("[d]eduction of prospective contractors' overhead and profit and sales tax in determining the actual cash value under a replacement cost policy is improper, is not a reasonable interpretation of the policy language, and is unfair to insureds."). Sean F. Smith's conduct was unlawful.

6. After numerous requests for a written explanation as to why his claim was underpaid, Plaintiff was told by Sean F. Smith that Plaintiff's policy does not cover general contractor overhead and profit. [Dkt. #7 at ¶ 17.] That statement was far less than the truth. Later Smith claimed that he has consistently found that the "Xactimate numbers" already included overhead and profit. This too was something far less than the truth and was designed to cheat Plaintiff out of his benefits for which he paid a premium.

7. Defendant Sean F. Smith and his accomplices misrepresented the terms or the benefits or advantages promised by the Policy in violation of §541.051(1)(A) and (B) of the Texas Insurance Code. [Dkt. #7 at ¶ 18.] Together, Defendants set about to deny or underpay a properly covered loss to Plaintiff's detriment.

8. Based on the preceding facts, this Court lacks subject-matter jurisdiction over this lawsuit due to lack of complete diversity of citizenship between the parties. Plaintiff Max Wang and Defendant Sean F. Smith are both citizens of the State of Texas.

9. Plaintiff attempted to serve Smith with process via certified mail at his business address:

> SEAN FITZGERALD SMITH
> 1600 N COLLINS BLVD 2000 3000 4000
> RICHARDSON, TX 75080
>
> | License/Registration | License/Reg Type |
> |---|---|
> | 1981615 | Adjuster |

10. But the envelope was returned "unclaimed." 1600 N. Collins Blvd. is also SafeCo Insurance's local address. Plaintiff is making efforts to serve Smith via personal service. Upon information and belief, Smith is dodging service of process to avoid liability for his illegal conduct.

11. Smith is not a sham defendant joined solely to defeat jurisdiction.

## ARGUMENTS & AUTHORITIES

12. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between . . . [c]itizens of different States." 28 U.S.C. § 1332.

13. The removing party bears the burden of establishing jurisdiction. *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). A federal court's jurisdiction is limited, and federal courts generally may hear only a case of this nature if it involves a question of federal law or where diversity of citizenship exists between parties. *See* 28 U.S.C. §§ 1331, 1332. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

14. This Court lacks subject-matter jurisdiction because Plaintiff and Defendant Sean F. Smith are both citizens of the State of Texas, therefore there is no diversity. A district court cannot exercise jurisdiction if any Plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).

15. Defendant SafeCo removed this case from Texas state court on the grounds that Defendant Sean F. Smith, a licensed Texas adjuster, was improperly joined in this lawsuit, and as such, there is arguably complete diversity of citizenship amongst the parties. [Dkt. #1 at Pg. 2-6.]

16. The long-established rule is that the removing party "must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction." *Smith v. McCullough*, 270 U.S. 456, 459 (1926). "The burden on the removing party is to prove that the joinder of the [non-diverse] parties was improper—that is, to show that sham defendants were added to defeat jurisdiction." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 575 (5th Cir. 2004) (en banc).

17. Under the Texas Rules of Civil Procedure, a pleading may contain legal conclusions as long as fair notice to the opponent is given by the allegations as a whole. *See* Tex. R. Civ. P. 45(b); *see also* Tex. R. Civ. P. 47(a). The state court liberally construes a plaintiff's petition in the plaintiff's favor. *See Starcrest Trust v. Berry*, 926 S.W.2d 343, 349 (Tex. App.—Austin 1996, no writ).

18. The court will also look at the plaintiff's intent and uphold a petition, even where the plaintiff has not specifically alleged specific elements of a cause of action, by supplying every fact that can reasonably be inferred from what the plaintiff did state. *See Torch Operating Co. v. Bartell*, 865 S.W.2d 552, 554 (Tex. App.—Corpus Christi 1993, writ denied).

19. The goal is only to ensure that the opposing party gets sufficient information to supply fair and adequate notice of the facts on which the plaintiff bases the claim. *See Roark v. Allen*, 633 S.W.2d 804, 810 (Tex.1982). As such, this Court must evaluate the sufficiency of the allegations of the Plaintiff's original petition under the Texas pleading standard to determine whether Smith is merely a sham defendant added to defeat jurisdiction.

20. Plaintiff's original petition alleged numerous valid claims against Defendant Sean F. Smith, SafeCo's agent. Chapter 541 of the Texas Insurance Code identifies and prohibits certain activities in the business of insurance as unfair or deceptive. *See* Tex. Ins. Code §§ 541.001, 541.003. To enforce these prohibitions, Texas created a private right of action against any

"person" whose use of a proscribed act or practice has caused the plaintiff to sustain actual damages. Tex. Ins. Code § 541.151(1).

21. The regulated class, described by the term "person," encompasses not only the insurance company, but also its agents, including adjusters responsible for the processing of claims, which is the crux of Chapter 541. Tex. Ins. Code § 541.002[1]; *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 384 (Tex. 2000). Texas considers adjusters, in assessing damage as part of the claim settlement process, to be in the business of insurance just as much as the insurance company itself, and as such, subject to the Texas Insurance Code. *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998); *Rankin Rd., Inc. v. Underwriters at Lloyds of London*, 744 F. Supp. 2d 630, 633–34 (S.D. Tex. 2010) (citing *Gasch v. Hartford Acc. & Indent. Co.*, 491 F.3d 278, 282 (5th Cir. 2007)).

22. So the Texas Insurance Code authorizes private actions against insurance adjusters in their individual capacities for using the unfair settlement practices proscribed by § 541.060. *Gasch*, 491 F.3d at 282. The critical elements in stating a claim against an adjuster for damages incurred in an insurance settlement are act and causation—showing that the individual himself violated § 541.060 in some way, and that violation caused the plaintiff's injury. *See Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 544–45 (5th Cir. 2004).

23. Foreign insurers resisting remand often argue that joinder of a non-diverse adjuster was improper on the theory that no claim can be stated against adjusters under § 541.151 because there is no way for them to actually violate § 541.060. This line of reasoning was first articulated in *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014). There, the court held that liability could not attach to an adjuster for "failing to attempt in good faith

---

[1] Chapter 541, Subchapter A of the Texas Insurance Code prohibits any "person" from engaging in deceptive practices in the business of insurance. TEX. INS. CODE ANN. § 541.003 (2005). The term "person" is defined as "any individual, corporation, association, partnership . . . and any other legal entity engaged in the business of insurance, including agents, brokers, adjusters and life insurance counselors." TEX. INS. CODE ANN. §541.002 (2005).

to effectuate a prompt, fair, and equitable settlement" of claims where the insurer's liability is reasonably clear, under clause (a)(2), because "as an adjuster, [she] does not have settlement authority on behalf of [the insurance company]; her sole role is to assess the damage." *Id.* at 724; *accord One Way Investments, Inc. v. Century Sur. Co.*, No. 3:14–CV–2839–D, 2014 WL 6991277, at *5 (N.D. Tex. Dec. 11, 2014).

24. Similarly, an adjuster could not be held liable for "refusing to pay a claim without conducting a reasonable investigation with respect to the claim," under clause (a)(7), since "the bad behavior that the statute targets is an insurer's refusal to pay under certain circumstances. Those who can be held liable are the insurance company or the individual at the insurance company who refuses to pay the claim, not the individual responsible for conducting the investigation." *Messersmith*, 10 F. Supp. 3d at 725.

25. Considering that those are the only two provisions of § 541.060 that involve the work of adjusters, the import of *Messersmith* is that there is no set of facts in which an adjuster can violate § 541.060. Given that reality, the elements of act and causation can never be proven against an adjuster, and so no claim can actually be stated, for all practical purposes—which means joining an adjuster in such cases is always improper.

26. The reasoning in *Messersmith*, however, directly contradicts Fifth Circuit precedent and cannot be followed. *Gasch*, 491 F.3d at 282.

27. In *Garrison Contractors*, the Texas Supreme Court specifically held that, under Texas law, the term "person" as defined in Chapter 541, Subchapter A of the Texas Insurance Code (formerly Article 21.21), is not limited to insurers. *Liberty Mut. Ins. Co. v. Garrison Contr.*, 966 S.W.2d 482, 486-87 (Tex. 1998). The term "person," for the purpose of placing liability, includes individuals and company employees who are engaged in the business of insurance. *Id.* Thus, the wrongful conduct of an insurance adjuster can give rise to that individual's personal liability.

28. The Fifth Circuit, relying on *Garrison*, held that an adjuster can be held individually liable under the Texas Insurance Code. *Gasch v. Hartford*, 491 F.3d 278, 282-83 (5th Cir. 2007).

29. Plaintiff's allegations against Smith therefore do state a claim under §§ 541.151 and 541.060. It is undisputed that Smith was the adjuster who handled the Plaintiff's claim, which makes him a "person" subject to liability under § 541.151. Plaintiff's original petition alleged that Smith did not inspect Plaintiff's roof thoroughly and missed damage to several metal roof accessories, gutters, and downspouts. [Dkt. #3 at ¶ 17.] Even after Plaintiff pointed out the oversight SafeCo denied the claim without conducting a reasonable investigation. [*Id.*] This is textbook bad-faith claims handling and Plaintiff's claim was underpaid in excess of $2,000 for these items alone. [*Id.*]

30. Smith's unfair adjustment of the Plaintiff's claim directly resulted in an inadequate settlement. Under Texas's liberal pleading standard, these allegations are sufficient to put the Defendants on notice of the nature of the claims asserted against them.

31. Therefore, since at least one claim for relief has been stated against Smith, the non-diverse defendant, he is not a sham defendant improperly joined solely to defeat jurisdiction. Without complete diversity of citizenship, there is no federal jurisdiction. Accordingly, this Court must remand the case back to state court.

## ATTORNEY'S FEES

32. Pursuant to 28 U.S.C. § 1447(c), Plaintiff seeks recovery of just costs and actual expenses, including attorney fees, incurred as a result of the removal. The removal was groundless and not founded in any current jurisprudence from this Court or the Fifth Circuit. The foreign Defendant knew, or should have known, that this Court lacked subject-matter jurisdiction over this case.

33. There were no objective merits for the removal. Plaintiff's pleadings, examined under the Texas Rules of Civil Procedure, clearly stated a claim against Smith, a non-diverse defendant.

34. Attached hereto as Exhibit A is an attorney's fees affidavit with contemporaneous billing statements attached.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that this Court remand this case back to state court and Plaintiff be awarded just costs and actual expenses, including attorney fees, incurred as a result of the removal; and that Plaintiff be granted all further relief, either at law or in equity, to which he may show himself justly entitled.

Respectfully submitted,

**CLIFFORD K. NKEYASEN, PLLC**
ATTORNEYS & COUNSELORS
P.O. Box 132111
Dallas, TX 75313

Dallas: (214) 265-6535
Houston: (713) 352-0631
Fax: (214) 292-9494
NKEYASEN@OUTLOOK.COM

By: /s/ *Clifford K. Nkeyasen*
    Clifford K. Nkeyasen
    Texas Bar No: 24044876

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing instrument has been served on counsel of record, pursuant to the Federal Rules of Civil Procedure, on this the 19th day of April, 2017, as follows:

Collin Batchelor
Jackson Mabry
Tillman Batchelor LLP
1320 Greenway Drive, Suite 830
Irving, TX 75038
Telephone: (214) 492-5720
Facsimile: (214) 492-5721
mark.tillman@tb-llp.com
collin.batchelor@tb-llp.com
jackson.mabry@tb-llp.com

**ATTORNEYS FOR DEFENDANT**
**SAFECO INSURANCE COMPANY OF INDIANA**

                                  /s/ *Clifford K. Nkeyasen*
                                  Clifford K. Nkeyasen